**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**SUSAN GUIHER**                                                                                    **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:07cv691JMR-JMR**

**RON NEWCOMB**                                                                               **DEFENDANT**

**MEMORANDUM OPINION**

This cause comes before the Court on the motions of the Defendant, Ron Newcomb[Newcomb] for summary judgment [27-1] on claims against him by Susan Guiher [Guiher] pursuant to Rule 56 of the Federal Rules of Civil Procedure and to Strike the Opposition to the Motion[33-1].After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support

the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the non movant, summary judgment is implicated. *Id*.; *Exxon*, 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion. *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

<u>Statement of Facts</u>

On January 26,2006, Plaintiff , Susan Guiher was operating her bicycle in a easterly direction on Sones Chapel Road in Pearl River County, Mississippi. Ron Newcomb was directing his Silverado truck in the same direction along Sones Chapel Road at the same time. At approximately 2:28p.m., the vehicles collided and Plaintiff sustained injuries.

On January 25,2007, Plaintiff filed her Complaint in the Circuit Court of Pearl River County, Mississippi alleging assault, battery, negligence and negligent and infliction of emotional distress against Ron Newcomb and seeking to recover damages for alleged personal injuries, medical expenses and damages.

Plaintiff testified in her deposition that she remembered it was a beautiful crisp day. She remembers turning onto Sones Chapel Road and she knew it was her "home stretch" that she knew

she was going to be home. In response to extensive questioning about her memory of the incident, she stated "and that's all I can tell you about that". ( Defendant's Motion for Summary Judgment , Guiher Deposition attached as Exhibit C).

Defendant testified that he was traveling at 40 miles per hour. He stated that as he was moving into the other lane to pass the Plaintiff , she abruptly and unexpectedly swerved to her left and into the path of his truck. He testified that he tried to avoid her ( Defendant's Motion for Summary Judgment, Newcomb Deposition attached as Exhibit D). Newcomb's testimony is unrefuted. The Pearl River County Sheriff's Department investigated this accident.  The official police report prepared by Captain Butch Raby reflects that the cause of the accident was Guiher turning her bike across the lane of travel into Newcomb's  path. (Defendant's Motion for Summary Judgment, Accident Report attached as Exhibit E). Newcomb was not charged with any violation of the "Rules of the Road" applicable in Mississippi or issued a citation. Newcomb was the only witness to this accident.

In response to the Motion for Summary Judgment, Plaintiff presents two affidavits . She submits her own affidavit which asserts that she knows she did not veer into Defendant's path as he was switching lanes. She explains that she has always been a careful rider and as such she must have been careful on the day and time of her accident. Plaintiff also submits the Affidavit of Carolyn Nelson who opines in summary that on prior occasions, it was her observation that the Plaintiff was always very careful . Plaintiff submits these affidavits to demonstrate that it was the Plaintiff's habit to be a careful rider.

<u>Discussion</u>

Once a Motion for Summary Judgment has been filed and is properly supported, the non moving party must present admissible evidence to demonstrate there is a genuine issue of material fact.

[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to . . . defeat a motion for summary judgment. *Galindo v. Precision American Corp*., 754 F.2f 1212,1218 (5th Cir. 1985).    Affidavits submitted must set forth facts "as would be admissible in evidence." Fed. R. Civ. P. 56(e). A party may not manufacture a genuine issue of material fact by submitting an affidavit which contradicts the affiant's prior, sworn testimony. *Doe Ex Rel. Doe v.Dallas Independent School Dist.,*220 F.3rd 380,386 (5thCir. 2000). [A] non- movant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, her previous testimony . . . ." *Thurman v. Sears, Roebuck &Co.* , 952 F.2d 128,137 n.23 ( 5th Cir.1992)

Plaintiff also contends that Newcomb failed to comply with the "Rules of the Road". Under Mississippi law, "[t]o prevail on a negligence claim, a Plaintiff  must  establish by a preponderance of evidence each of the elements of negligence: duty, breach ,causation and injury." *South Carolina Ins.*, *Co. v. Keymon,* 974 So.2d 226,231 (Miss.2008).   Even if duty and breach are established by an alleged violation of the statute , the Plaintiff must still prove that the alleged violation of that statute was the proximate cause of the accident and injuries.  *Jones v. US Fidelity and Guaranty Co.* 822So.2d 946, 948 ( Miss.2002); *see also  Laurel Yamaha, Inc. v. Freeman*, 956 So.2d 897, 905 (Miss. 2007)("To prevail in an action for negligence per se, a party must prove . . . that the violation of the statute proximately caused his injuries.").

Defendant admitted going  5 miles above the speed limit.  However,  he was not issued a citation at the scene of the accident by local law enforcement, nor did  the officer attribute Defendant's speed to be a factor in the collision.  Mississippi law is clear that "[o]ne party's violation of a traffic regulation  . . . [does] not equate to fault. The violation must have been a proximate cause of the accident." *Fleming v. Floyd*, 969 So.2d 881, 889 (Miss. Ct. App. 2006)(overruled on other grounds)(citing *Clark v. Clark*, 863 So.2d 1027, 1032 (Miss Ct. App. 2004)). Plaintiff has not demonstrated that the slight deviation admitted

to by the Defendant was either a cause or a contributing cause to the accident. Plaintiff offers only her conclusions that she ordinarily operated in a safe and cautious manner, and therefore, Defendant must have been the cause of the accident. Furthermore, Plaintiff did not offer any expert testimony which would support the premises that the slight increase in speed caused the accident. Therefore, the Court finds that, even when viewed in a light most favorable to the Plaintiff, there is no credible evidence or testimony presented which indicates that this small deviation in speed caused the accident.

Plaintiff offers a plethora of actions she believes that a reasonable person would have undertaken when passing a bicyclist. However, the Court finds that none of these alleged violations of the Defendant are violations of any statue. Furthermore, there is no evidence presented that if the Defendant had slowed down, blown the horn or moved completely into the right lane that the accident would been prevented. Under Mississippi law, Defendant was not required to approach the Plaintiff in anticipation of having to avoid an accident or her decision to switch lanes. He was legally permitted to reasonably assume she would not cross his path . *State Farm Auto Ins. Companies v. Davis* , 887 So.2d 192,196-7 (Miss. Ct. App.2004)(citing *Lewis v. Brogdon*, 208 So.2d 761, 765 (Miss. 1968). The Court finds that, in light of the evidence presented, the accident in question was not caused by any negligent act or omission of the Defendant. . The Court further finds that Plaintiff's conclusory allegations to the contrary are insufficient to defeat summary judgment. *Leonard v. Dixie Wells Service and Supply ,Inc.* , 828 F.2d 291,295 (5th Cir 1997).

The Court finds that the testimony of Newcomb is unrefuted as to how Plaintiff was injured. Additionally, the official police report supports his version of the event and no citation was given to him for any type of driving defect. Plaintiff stated clearly in her deposition that she did not remember the incident or even the moments preceding it. " The testimony of a witness which is uncontradicted ...must be accepted as true." *State Farm Auto Ins. Co.,* 887 So.2d at 194. However, in response to the pending motion, Plaintiff

presents her affidavit coupled with the affidavit of Carolyn Nelson to allegedly constitute evidence of habit admissible under Rule 406 of the Federal Rules of Evidence to prove that she could not have swerved into the path of the truck because it was her habit to bike carefully.

The Court finds the affidavits presented are not admissible under Rule 406 . Habit evidence must recite systematic instances of conduct to repeated specific events or circumstances before it may be admitted. *Leonard v. Nationwide Mut. Ins. Co*.499 F.3rd 419,442(5thCir.2007); *Wilson v. Volkswagen of America,* 561 F.2d 494,511( 4th Cir. 1977).  Recitation of a general way of a person such as exercising general care and prudency in conducting a particular activity is evidence of habit.  *Loughan v. Firestone Tire & Rubber, Co.* 749 F.2d 1519,1524 (11th  Cir. 1985). Evidence that one usually performs activities in a careful, cautious manner so as to avoid injury is properly excluded as inadmissible character evidence demonstrating general care as opposed to habit.  *Puckett v. Soo Line R .Co*. 897 F.2d 1423,1428  n.6( 7th Cir. 1990).

The Court finds that the affidavits presented recite generally what any "careful" bicyclist would be expected to do when riding on a public thoroughfare traversed by an automobile. These affidavits appear to have been written by the same author in that they use much of the same language. The statements do not relate to a specific instance of conduct exhibited by Plaintiff when she was confronted with a specific circumstance. Instead, the affidavits appear to describe the general care that would be expected of any reasonable and prudent bicyclist exercising reasonable care  for their own safety. The Court finds that these affidavits are not sufficient to be considered evidence of habit. Evidence designed to prove that a party's actions conformed to a particular characteristic  is generally inadmissable, the Court finds in this case the affidavits in question are in fact inadmissible and thus, insufficient to defeat a Motion for Summary Judgment.  *See* Fed. R. Evid. 404.

.	Finally, the Court finds that there is no evidence presented that indicates that Defendant intentionally or deliberately intended to harm the Plaintiff or intentionally inflicted any emotional distress.  Assault and

battery are intentional torts . Assault occurs where a person (1) acts intending to cause a harmful or offensive contact with another person or an imminent apprehension of such contact and (2) the other person is put in such a state of imminent apprehension. *Morgan v. Greenwaldt*, 786 So.2d 1037,1043 (Miss. 2001). Battery requires an additional element that the contact actually occurs. *Id*. " An intentional tort is an act of intentional behavior designed to bring about the injury." *Stephens v. SMC Corp*., 515 So.2d 928 (Miss. 1987) .

In *Stevens, supra*, the Court defined intentional to require evidence that the actions were intended to cause the result or were such that it was substantial certain to occur. *Id* at 930-931.  Plaintiff testified that she had no memory of the incident or even the events preceding it. There is no indication in her testimony that she ever saw the Defendant or his vehicle. Thus, the Court finds it would be virtually impossible for him to inflict emotional distress upon her.  Furthermore, Defendant testified that he attempted to avoid her. Accordingly, the Court finds that she has presented no evidence that she was placed in a state of imminent apprehension of bodily harm.

Plaintiff infers that by going 5 miles over the speed limit, the Defendant intended to deliberately harm her.  A violation of the "Rules of the Road" cannot provide sufficient evidence to sustain a claim of intentional conduct as required to establish assault or  battery. Moreover, there is no physical evidence or testimony presented that would lead either a reasonable person or an expert to find that the Defendant intended to run the Plaintiff over. ( Deposition of David Smith, attached to Defendant's reply to the Motion for Summary Judgment as Exhibit D). The Court finds no evidence that Defendant acted intentionally or in anyway substantially certain to hurt the Plaintiff. Accordingly,  Defendant's Motion for Summary Judgment should be granted as to the claims for negligence, assault,  battery and for the intentional infliction of emotional distress.

**Conclusion**

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds that the motion of the Defendant for summary judgment [27-1] is granted and the affidavits presented are deemed inadmissible, thus, the Motion to Strike [33-1] also is granted.

DATED this the 3rd day of October, 2008.

<u>s/John M. Roper Sr.</u>
UNITED STATES MAGISTRATE JUDGE